UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TAVION WILLIAMS,

    *Plaintiff,*

    v.

CITY OF APPLETON, JOHN OSTERMEIER
AND AARON PYNENBERG,

    *Defendants.*

Case No: 1:23-cv-45

## COMPLAINT

Plaintiff Tavion Williams, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, state:

### INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Tavion Williams's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. On 16 March 2020, at around 9:15am, Defendants, Sergeant John Ostermeier and Sergeant Aaron Pynenberg, unlawfully detained Plaintiff who was a passenger in a parked vehicle without reasonable suspicion to do so.

3. Plaintiff seeks actual or compensatory damages against the Defendants, and because Defendants acted recklessly and/or with callous indifference to the federally

protected rights of Plaintiff, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law indemnification claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Appleton is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Tavion Williams is a resident Brown County, Wisconsin.

7. Defendant City of Appleton is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual officer Defendants and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

8. Defendant Sergeant John Ostermeier was, at the time of this occurrence, employed as an officer in the City of Appleton's Police Department. Defendant Ostermeier engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Appleton.

9. Defendant Sergeant Aaron Pynenberg was, at the time of this occurrence, employed as an officer in the City of Appleton's Police Department. Defendant Pynenberg

2

engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Appleton.

10. At all times relevant to this action, Defendants Ostermeier and Pynenberg were acting under color of state law, ordinance, and/or regulation. Defendants Ostermeier and Pynenberg are sued in their individual capacity.

## FACTS

11. On 16 March 2020, at around 9:15am, Defendant Ostermeier was on duty as a police officer with the Appleton Police Department in a marked squad car when he received a dispatch "to the 2600 block of S. Harmon St. for a suspicious vehicle. Dispatch provided a vehicle description of an older Buick. It drove around the block and then parked. A female walked away WB from the car and a second person remained in the car."

12. As he responded to the above location, Defendant Ostermeier saw the Buick Lesabre parked with Williams sitting in the passenger seat.

13. Ostermeier observed Williams sitting in the passenger seat slouch or duck down and then look up toward Ostermeier.

14. Defendant Pynenberg arrived on scene and Ostermeier motioned to Williams to exit the car and Pynenberg commanded Williams come out of the car with his hands up.

15. Ostermeier placed Williams in handcuffs and told Williams that the reason he was being detained was that he had been sitting up in the car and then he "went down."

16. Williams was subsequently criminally charged in Calumet County Case Number 2020CF000062.

17.     In Calumet County Case Number 2020CF000062, Williams's criminal defense attorney filed a Motion to Suppress alleging that Defendant Ostermeier violated Williams's Fourth Amendment rights by seizing Williams without reasonable suspicion that he engaged in any criminal activity.

18.     After an evidentiary motion hearing, Calumet County Circuit Court Judge Daniel J. Borowski granting Williams's Motion to Suppress and concluding that Defendant Ostermeier violated Williams's Fourth Amendment rights by seizing Williams without reasonable suspicion that he engaged in any criminal activity.

## COUNT I
## 42 U.S.C. § 1983 Claim for Unlawful Seizure / Failure to Intervene

19.     Plaintiff realleges and incorporate the preceding paragraphs.

20.     The intentional actions of Defendants Ostermeier and Pynenberg in seizing and detaining Plaintiff, without reasonable suspicion, and/or intentionally failing to prevent said abuse, despite having the opportunity and duty to do so, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42. U.S.C. § 1983.

21.     Defendants Ostermeier and Pynenberg acted recklessly and/or with callous indifference to the federally protected rights of Plaintiff.

22.     As a direct and proximate result of Defendants Ostermeier and Pynenberg 's unlawful actions, Plaintiff has suffered, and will continue to suffer damages.

23.     WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Ostermeier and Pynenberg and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this

action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the City of Appleton is liable to defend this action against Defendants Ostermeier and Pynenberg, and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: January 11, 2023

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
James Odell
Wisconsin Bar No. 1131587
Strang Bradley, LLC
613 Williamson St., Ste. 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com