# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

**TAVION WILLIAMS,**

                Plaintiff,

         v.                          **JURY TRIAL**
                                                  Case No. 23-CV-45

**JOHN OSTERMEIER and AARON PYNENBERG,**
                Defendants.

---

HONORABLE WILLIAM C. GRIESBACH presiding         Time Called:  9:07 am
Proceeding Held: August 5, 2024                      Time Concluded:  7:40 pm
Deputy Clerk: Lori                                                       Tape:  080524
Court reporter: Thomas Malkiewicz

**Appearances:**

    **Plaintiff(s):**     James Odell, William Grau

    **Defendant(s):**    Lori Lubinsky

---

**Monday, August 5, 2024 – Jury Trial Day one**

9:07 am: The Court welcomes the jury.

Jury panel is sworn by the clerk.

The court provides preliminary case information, preliminary instructions, procedures and explains voir dire process.

9:36 am: Side bar.

9:38 am: The attorneys take pre-emptory strikes and preliminary instructions continue.

9:44 am: Jury is selected.

The remaining panel is thanked and excused.

The jury exits the courtroom.

Outside the presence of the jury, the Court and parties address the pretrial conference held in chambers this morning. The Court and parties discussed the 7th Circuit case *Martin*, issue of compensatory damages, agreed time frame that is applicable for damages, and prior felonies. Ms. Lubinsky addresses prior felonies.

Mr. Odell agrees to the four felonies, but requests it be kept to the number only, not probative.

Ms. Lubinsky argues as to credibility and the number/nature are probative and all came after event at issue.

The Court addresses Rule 609 and 403, finding the four felonies go in, not the nature.

Ms. Lubinsky requests it the question be rephrased such as "after event at issue, were you convicted of 4 felonies?"

Mr. Odell agrees.

10:02 am: Court is in recess.

10:22 am: Court resumes, and the jury enters the courtroom.

10:26 am. Opening statements by Mr. Grau. (video played)

10:40 am: Opening statements by Ms. Lubinsky. (video played)

11:01 am: Mr. Grau calls Plaintiff, **Tavion Williams**, sworn and testifies under direct.

The record reflects the witness identifies Officers Ostermeier and Pynenburg.

11:09 am: Cross-examination by Ms. Lubinsky.

Ms. Lubinsky provides Exhibit 13 to the witness for recall purposes. (Deposition transcript).

Ms. Lubinsky clarifies the parties have stipulated to joint exhibits numbered 1-15.

11:20 am: Objection by Mr. Odell and Mr. Grau, motions in limine.

The jury exits the courtroom.
Outside the presence of the jury, objection is addressed.
Mr. Odell sets forth argument in support of objection.
Ms. Lubinsky sets forth argument in support of impeachment on his testimony.
Mr. Odell clarifies as to tackling or physical interaction.
The Court finds the lack of memory at the time of deposition is different than now and the Court finds it is admissible for that purpose.
11:28 am: Jury enters court room.
Cross examination continues.
11:38 am: Re-direct by Mr. Grau.
Witness is excused.
Plaintiff rests.
Ms. Lubinsky calls **John Ostermeier**, (City of Appleton Police Officer), sworn and testifies under direct examination.
Ms. Lubinsky requests to publish Exhibit 7 (Map) for the record to the jury. No objections. Received.
12:02 pm: Objection by Mr. Grau, speculation. Sustained.
Counsel will lay foundation.
Mr. Grau objects, relevance. Overruled.
12:04 pm: Mr. Grau objects, relevance. Overruled.
12:07 pm: The jury is instructed and excused for lunch.
Outside the presence of the jury the parties make a record on objections as to relevancy.
Mr. Grau sets forth argument as to objections.
Ms. Lubinsky responds.
The Court finds the window was open, finds it is not prejudicial, finds it to be apparent.
Ms. Lubinsky moves for a directed verdict at this time arguing that plaintiff fails to establish 4th amendment claim, fails to present any evidence that police officers lacked reasonable suspicion.
Ms. Lubinsky addresses summary judgment decision.
Ms. Lubinsky argues the Court could see through the video presented today.
Mr. Odell responds as to seizure and suspicion.
Mr. Odell states it was a polite show of force and that he didn't feel he was able to leave.
Mr. Odell addresses suspicion, warrantless seizures are unlawful.
Mr. Odell didn't call the officers adversely to save time, knew they were going to testify and didn't want to make the trial longer than necessary.
The Court takes it all under advisement.
The Court addresses the good faith defense and the Court's decision denying summary judgment due to somewhat of factual dispute.
The Court addresses potential jury question regarding if they find there was a violation and that he ducked down.
Mr. Odell reserves right to move for directed verdict.
12:15 pm: The Court is in recess.
1:17 pm: Court resumes.
1:19 pm: Jury enters courtroom.
Cross-examination of witness by Mr. Grau.
1:34 pm: Ms. Lubinsky objects, calls for speculation. Overruled.
Ms. Lubinsky objects, argumentative. Sustained.
1:39 pm: Ms. Lubinsky objects, calls for legal conclusion. The Court clarifies, witness will answer.
1:42 pm: Redirect by Ms. Lubinsky.
Witness excused.
Ms. Lubinsky calls **Aaron Pynenberg**, Appleton Police Officer, sworn and testified under direct examination.
1:49 pm: Exhibit 6 (Video Body cam), stipulated as joint exhibit by attorneys and received into the record.
Video played.
Direct examination continues.
1:57 pm: Mr. Odell objects, relevance. Question withdrawn.

Video played.
Direct continues.
Video played.
Direct examinations.
2:04 pm: Cross-examination by Mr. Odell.
2:09 pm: Ms. Lubinsky objects, vague, argumentative. Overruled.
Ms. Lubinsky objects, misstatement of testimony. Counsel instructed to rephrase.
Ms. Lubinsky objects, speculation. Counsel instructed to move on.
Ms. Lubinsky objects, compound. Counsel instructed to rephrase.
2:12 pm: Ms. Lubinsky objects, multiple, compound. Sustained.
2:19 pm: Ms. Lubinsky objects, asks for speculation as to what he wanted. Counsel will rephrase.
2:20 pm: Redirect by Ms. Lubinsky.
2:22 pm: Video played.
2:30 pm: Witness excused.
The parties request to admit Exhibits 6 and 7 into evidence. RECEIVED.
Defense rests.
Side Bar.
2:33 pm: Recess, Jury exits courtroom.
Outside the presence of jury.
Mr. Odell moves for directed verdict in favor of plaintiff, reserves right to argue.
Ms. Lubinsky renews motion for directed verdict.
The Court takes the motions under advisement.
The Court and parties address proposed jury instructions.
The Court takes out demonstrative exhibits and evidence limited to certain parties. (110 and 124 removed)
Mr. Odell has no objections as they stand now.
Ms. Lubinsky requests the community caretaker instruction and argues relevant factor, requests second factor.
Mr. Odell addresses community caretaker instruction and argues evidence supports there was no indication of there was reasonable suspicion there was a medical emergency.
Mr. Lubinsky responds.
The Court finds the collective knowledge action applies.
Mr. Odell agrees the collective knowledge action is reasonable.
The Court will give the collective knowledge instruction.
Mr. Odell argues reasonable person would perceive restrained if hands up.
To avoid any issue, the Court will instruct as to Community Caretaker.
Mr. Odell addresses verdict form, requests to label as special interrogatory. Granted.
Mr. Odell clarifies for the record and reserves the right to argue.
Ms. Lubinsky notes the form needs the answer boxes added under questions one and two.
2:44 pm: Recess.
3:30 pm: Court resumes outside presence of jury.
Mr. Odell has no objections other than previously set forth on the record as to community caretaker.
Ms. Lubinsky has no objections as to instructions or verdict form.
Jury enters courtroom.
3:32 pm: Copies of the verdict form are provided to the jury.
The Court reads initial jury instructions.
3:52 pm: Closing arguments by Mr. Odell.
4:12 pm: Closing arguments by Ms. Lubinsky.
Jury is excused for deliberations.
4:32 pm: Rebuttal argument by Mr. Odell.
4:39 pm: The Court provides final jury instructions.
The Court provides closing jury instructions to the jury.
Oath given to the Bailiff/Court Security Officer by the clerk.
4:43 pm: The jury is excused to deliberate.

Outside the presence of the jury, the parties address exhibits.
The parties agree the video will go back to the jurors if requested.
4:45 pm Recess
5:45 pm: Jury requests to see Exhibit 6, the video.
5:55 pm: Video and laptop taken to jury room.
6:55 pm: The clerk is notified the jury has a question. Question given to Judge and attorneys called to return to courtroom.
7:06 pm: Court resumes outside the presence of the jury to address jury question.
The parties agree the answer to go back to the jury will state as follows: The Collective knowledge doctrine, as set forth in the Instructions, govern the question you have asked. It is for you to apply that law to the facts of the case.
The clerk is instructed to return the written answer to the jury room.
The Court and parties discuss how long deliberations should continue this evening.
7:10 pm: Court is in recess.
7:23 pm: The clerk is notified the jury has a verdict. Attorneys notified to return to courtroom.
7:32 pm: Court resumes.
The jury enters the courtroom.
The Court receives the verdict form and reads the verdict:
   1. Yes
   2. Yes
   3. No
   4. No
The verdict form is dated and signed by the foreperson.
Mr. Odell requests to have jurors polled.
Jurors polled and all respond "yes, that is my answer."
The Court thanks the jurors for their service.
7:38 pm: Jurors excused and exit courtroom.
Verdict filed with the clerk.
The clerk is directed to enter judgment.
7:40 pm: Court is adjourned.